# Richmond

ETHEL MARTIN AND R. L. MARTIN v. C. H. MARTIN.

November 12, 1936.

Present, Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*J. Tinsley Coleman, Jr.*, for the appellants.

*Robert Whitehead* and *Robert L. Marshall*, for the appellee.

HUDGINS, J., delivered the opinion of the court.

The trial court sustained a demurrer interposed to complainants' bill, and entered a decree dismissing the case. From that decree plaintiffs sought and obtained this appeal.

The substance of the allegations set forth in appellants' bill is as follows: That by a deed dated August 14, 1916, a tract of land containing 305 acres, located in Nelson county, Virginia, was impressed with a trust for their benefit "during their joint lives and then for the benefit of the survivor, the same to be held and enjoyed free and absolved from any debt they may now owe or hereafter contract or incur;" that on

August 27, 1925, they, with their daughter, Helen G. Martin, who was the owner of the remainder, executed a deed of trust to secure the payment of a bond for $8,000. C. H. Martin, the payee in the bond, assigned the same to the National Bank of Charlottesville and the First National Bank of Nelson county.

In May, 1928, appellants and their daughter, Helen, who was then married to P. D. Payne, Jr., and P. D. Payne, Jr., instituted a suit in the Circuit Court of Nelson county against C. H. Martin et als, the objects of which suit were: (a) To have the court declare invalid and void the deed of trust securing the $8,000 bond; (b) to subject the 305 acres of land to sale for the purpose of satisfying and discharging the liens thereon then held by Ethel G. Martin, one of complainants in the bill, which liens were created prior to August 14, 1916, the date of the deed reserving an interest in the land for the benefit of appellants.

The land was sold pursuant to orders entered in the cause. At the sale Helen M. Payne and P. D. Payne, Jr., became the purchasers for the sum of $7,500, evidenced by notes payable to C. H. Martin and secured by a deed of trust on the property.

On October 5, 1931, Helen M. and P. D. Payne, Jr., having failed, or being unwilling, to pay any part of the $7,500 debt, agreed to and did convey the 305 acres of land to C. H. Martin, in which deed appellants joined.

It was charged in the bill that under the terms and conditions imposed upon the life estate created by the deed of August 14, 1916, appellants could not voluntarily, or otherwise, alienate the same; that the deed of trust bearing date August 27, 1925, and the deed bearing date October 5, 1931, were, and are, null and void because they are contrary to the terms and conditions of the reservations stated in the deed creating the life estates. It is also charged that the decrees and judgment of the court in the former suit were void because the parties to that cause had, by written contract filed therein, settled by compromise their respective rights, and

that the decree of the court did nothing more than dispose of the case as agreed by the parties.

The demurrer admits as true the averments of all material facts, but not the pleaders' inferences, or conclusions of law drawn therefrom.

Several questions of law are suggested by the demurrer. (1) Whether Code, section 5157, as rewritten by the revisors, which became effective January, 1920, authorizing the creation of spendthrift trusts was retroactive and made valid restrictions which were invalid at the time the deed was executed and delivered? (2) Even if the provisions of the section were retroactive, did the language creating the life estates, as heretofore quoted, prohibit appellants from voluntarily alienating their rights in the land described? However, we do not deem it necessary to determine either of the questions stated, because in our opinion appellants are estopped by matters adjudicated in the former cause from maintaining this suit.

Appellants, their daughter, and her husband were the only complainants in that suit. The bill alleged that Ethel G. Martin, one of complainants, was the owner of liens on the 305 acres of land which were prior in time and right to any estate conveyed or reserved by the deed dated August 14, 1916. It was also alleged that the bond for $8,000, and the deed of trust securing it, bearing date August 27, 1925, executed by appellants and their daughter, were obtained by fraud, duress and threats, and therefore void. The prayer of the bill was: That the bond for $8,000, and the deed of trust securing the same, be declared void and cancelled; that the cloud created by the deed of trust upon the title be removed; and that the land be sold to satisfy the liens then held by Ethel G. Martin.

C. H. Martin, the two banks, and the trustees named in the deeds of trust, to whom the former owners of the 305 acres of land had conveyed the same, to secure payment of the respective obligations described therein, were made parties defendant to the suit.

C. H. Martin and the two banks filed a joint answer in which it was admitted that the six deeds of trust, mentioned in the bill, had been executed, delivered and recorded, but the answer emphatically denied that the $8,000 bond, and deed of trust given as security for its payment, were obtained by fraud, duress, or threats. On the contrary, it was affirmatively alleged that they were valid, subsisting instruments. The parties entered into a written agreement, filed with the papers in the cause, whereby a compromise of their respective rights was made. The substance of this agreement was that all parties would, without objection, permit the land to be sold by order of court, and in the event that Helen M. Payne, and her husband, were able to buy the same at public auction for $7,500, then all parties would release their respective liens and claims to the 305 acres, or any part thereof. C. H. Martin, for himself and the two banks, agreed to accept for their claims, ten notes for $750 each, executed by Helen M. Payne, and her husband, payment of which was secured by a deed of trust on the 305 acres of land. When this agreement was submitted to the court, the court was unwilling to approve it without having the proper account of liens taken and their priorities ascertained, hence a decree of reference was entered. The commissioner, to whom the matter was referred, after due notice, took the accounts and reported to the court that (1) Ethel G. Martin was the owner of four deeds of trust, liens on the 305 acres of land, which with interest totaled $9,982.47, and (2) C. H. Martin, one of defendants in that cause, and the only defendant in this cause, was the owner of a lien evidenced by a deed of trust on the same land, which, with interest, was $1,387. These five deeds of trust were dated and recorded several years prior to August 14, 1916.

The commissioner also reported that C. H. Martin, and The First National Bank of Nelson county, were the owners of the $8,000 bond, which, with interest, then totaled $9,400, and constituted a lien on the land, and that judgments against R. L. and Ethel G. Martin, totaling $10,782.06, constituted liens on their life estates in the land.

No exceptions having been filed to this report, it was approved and confirmed by order of the court, and in the same order commissioners were appointed to sell the land at public auction to satisfy and discharge the liens as reported thereon. The commissioners made the sale as ordered, reported the same to court, and it was confirmed by a decree. The court, in confirming the sale to Helen M. and P. D. Payne, Jr., her husband, at the price of $7,500, confirmed the action of the commissioners in taking notes for the purchase price, and a deed of trust on the land to secure their payment. It was ordered that all liens held by Ethel G. Martin, R. L. Martin, C. H. Martin, and the two banks, should be released and a proper notation of that fact entered on the margin of the page where each of the six deeds of trust was recorded. The decree (November term, 1928) concludes thus: "And the object of this suit having apparently been accomplished, it is ordered that it be stricken from the docket, but with leave to any party to have the same reinstated after ten days notice to the other parties for the purpose of enforcing or carrying out the provisions of any of the decrees herein entered or of the said agreement of May 2nd, 1928."

The judgment of a court of competent jurisdiction, dismissing a suit agreed, on the ground that it has been agreed by the parties, is a final determination of the matters which were actually, or might have been litigated in that suit, as against said parties and all claiming under them. *Hoover* v. *Mitchell*, 25 Gratt. (66 Va.) 387; *Wilcher* v. *Robertson*, 78 Va. 602; *Wohlford* v. *Compton*, 79 Va. 333.

Appellants contend questions of estoppel and *res adjudicata* can only be raised by formal pleas, with evidence taken in support thereof, and not by a demurrer. In this case at least three paragraphs of the bill are devoted to the facts alleged, the orders entered in the former suit, and the pleaders' inferences and conclusions that the entire proceedings in that suit were void, and open to collateral attack. Appellants, in the bill now under consideration, allege that the parties to the present suit were all parties to the former,

suit, and the subject matter of the former suit was the same 305 acres of land which is the subject of the present suit. While papers in the former suit were not formally made exhibits with the bill, they were considered by the trial court in reaching its decision, and by order were made a part of the record in this suit. No formal plea, or evidence in support of averments of such a plea, was necessary to present the facts to the court, as the facts were averred in the bill, or admitted at bar. See *Diamond State Iron Co.* v. *Alex. K. Rarig & Co.*, 93 Va. 595, 25 S. E. 894.

For the foregoing reasons, we are of opinion that there is no error in the decree sustaining the demurrer to complainants' bill.

*Affirmed.*