## Staunton

ROSETTA ANDERSON, INDIVIDUALLY AND AS ADMINSTRATRIX OF THE ESTATE OF PHILIP ANDERSON, DECEASED v. OUNER ANDERSON PATTERSON.

September 7, 1949.

Record No. 3519.

Present, All the Justices.

The opinion states the case.

*J. B. Allman, R. G. Allman, Nathan B. Hutcherson, Jr., T. Keister Greer* and *Charles S. Lobingier*, for the appellant.

*Anna F. Hedrick*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

In January, 1947, Ouner Anderson Patterson filed her bill of complaint in the court below against Rosetta Anderson, individually and as administratrix of the estate of Philip Anderson, deceased, alleging that the plaintiff was the daughter of Philip Anderson as the result of a common-law marriage in the District of Columbia between Philip Anderson and Ida Gray; that the plaintiff was born on March 18, 1902, in the District of Columbia; that subsequently, on October 6, 1902, Philip Anderson had gone "through a marriage ceremony with one Rosetta Richardson, now known as Rosetta Anderson, the defendant;" that Philip Anderson died on January 30, 1946, as the result of injuries received in an automobile collision; that shortly thereafter Rosetta Anderson had qualified in the clerk's office of the Circuit Court of Arlington county as administratrix of the decedent's estate and had furnished the clerk with what "purported to be a list of the heirs of said Philip Anderson;" that the list had named Rosetta Anderson as the decedent's sole heir and had omitted the name of the plaintiff, his daughter, as an heir; that unless ordered so to do by the court the administratrix would not account to the plaintiff for and deliver to her her share of the decedent's estate, and would "endeavor to sell and convey" certain real estate which the decedent owned at the time of his death.

The prayer of the bill was that the heirs of Philip Anderson, deceased, be determined; that the defendant adminstratrix be required to furnish to the clerk of the court a list of the "true heirs" of the decedent; that the defendant be required to account to the plaintiff for and deliver to her her share of the estate of the decedent; and that a decree be entered "setting forth" the plaintiff's "interest in the decedent's real estate and quieting title" thereto in her name.

Before an answer had been filed the plaintiff filed an amended bill, in which she repeated the allegations made in the original bill and in addition thereto alleged that she was "the legitimate daughter of Philip Anderson;" that she had been "judicially determined" to be such "by this Honorable Court in an action at law" wherein she was the plaintiff and Rosetta Anderson, "individually and as administratrix of the estate of Philip Anderson, deceased," was the defendant; that the issue of the plaintiff's legitimacy had been "submitted to a jury in the trial of said action at law," as was shown by copies of certain instructions which were filed as exhibits; that the jury on the issue joined had found her to be the legitimate daughter of the decedent; that judgment had been entered on the verdict and had become final; that no writ of error had been applied for; and that the time for such application had expired. Hence, she alleged, the issue that she was the legitimate daughter and heir of the decedent was *res judicata* between the parties to the present suit.

The amended bill further alleged that the plaintiff was the decedent's "heir" and was the "owner in fee simple of the real estate" which he owned at the time of his death.

The prayer of the amended bill was that the defendant be required to account to the plaintiff for and deliver to her her share "of the estate" of the decedent; that the defendant be restrained and enjoined from attempting to encumber, lease, sell, or convey the real estate of which the decedent died seized; and that the necessary decrees might be entered setting forth the plaintiff's interest in and quieting her title to the real estate.

Rosetta Anderson, individually and as administratrix of the decedent's estate, filed a joint and separate answer to the original and amended bills, in which she denied the alleged common-law marriage between the decedent and Ida Gray and that the plaintiff was the legitimate daughter of the decedent and entitled to share in his estate.

Moreover, the answer denied that the plaintiff "had been judicially determined to be the legitimate daughter of Philip Anderson by this Honorable Court or any other court," and denied that the status of the plaintiff as the legitimate heir of the decedent was *res judicata* between the parties to the present suit.

While the answer admitted that an action at law had been instituted and prosecuted by the plaintiff against the defendant in the same court, it averred that inasmuch as that action had resulted in a judgment of $1.00 for the plaintiff, which, for "want of jurisdiction," was "not appealable," it "did not judicially determine the legitimacy of the plaintiff * * * for any purpose other than the matter then in controversy."

It was further alleged in the answer that the defendant was lawfully married to the decedent at the time of his death, and that she was his sole distributee and heir at law.

On motion of the plaintiff the court entered a decree striking out each and every denial in the answer that the plaintiff was the "daughter" or "legitimate daughter" of the decedent as the result of the latter's common-law marriage with Ida Gray, the denial that the legitimacy of the plaintiff had been judicially determined in the previous action, and the allegation that she (the defendant) was the sole distributee and heir at law of the decedent.

The basis of this ruling, as disclosed by a recital in the decree, was that these matters had been judicially determined in the previous action between the parties, and that hence the defendant was estopped to assert the contrary.

From this decree which adjudicated the principles of the cause, the present appeal has been taken. Code, sec. 6336.

The motion to strike was based on two grounds: (1)

That the answer and each part thereof above enumerated was "insufficient in law;" and (2) that the defendant, both individually and as administratrix of the estate of the decedent, was estopped by reason of the prior litigation to deny that the plaintiff is the legitimate daughter and heir of the decedent. It was thus a combined demurrer and replication to certain allegations in the answer.

We are of opinion that with one exception to which we will presently advert, the lower court erred in striking from the answer the detailed allegations.

It is well settled that *res judicata* may not be taken advantage of by demurrer where the pleading demurred to does not show on its face the existence of the matters relied on to support the application of the doctrine. 30 Am. Jur., Judgments, sec. 264, p. 989; 50 C. J. S., Judgments, sec. 824, pp. 393, 394, and cases there cited. Compare *Martin* v. *Martin*, 167 Va. 206, 211, 212, 188 S. E. 148, 150.

This is so because a demurrer stands or falls by what appears on the face of the pleading at which it is aimed. Resort cannot be had to another pleading for the purpose of supporting the demurrer. 6 Michie's Jurisprudence, Va. and W. Va., Demurrers, sec. 26, p. 24, and cases there cited; Burks' Pleading and Practice, 3d Ed., sec. 192, p. 310.

In the case before us it does not appear on the face of the answer that the matters in controversy were adjudicated in the prior litigation. On the contrary, the answer puts in issue the two essential elements of the plaintiff's case. It denies that she is in fact the legitimate daughter of the decedent, Philip Anderson, and also that such legitimacy had been established and adjudicated in the prior proceeding. In this situation the burden was on the plaintiff to establish by proper evidence at least one of the essential allegations of her amended bill.

The fact that the previous action had been tried in the same court by the same judge did not dispense with the necessity of proof of the record in the previous action. To sustain a claim of *res judicata* the court will not take judicial notice of the record in the first suit. 30 Am. Jur.,

Judgments, sec. 273, p. 993; 50 C. J. S., Judgments, sec. 836, p. 404.

Inasmuch as the cause must be remanded for a new trial, it is appropriate to point out that ordinarily to sustain the allegation of *res judicata* the whole record of the former proceeding must be put in evidence. See Freeman on Judgments, 5th Ed., sec. 1030, pp. 2147, 2148; Jones' Commentaries on Evidence, 2d Ed., sec. 1886, p. 3514; 30 Am. Jur., Judgments, sec. 274, p. 993; 50 C. J. S., Judgments, sec. 843-c, p. 417.

While the admissions in the pleadings or the stipulation of counsel may dispense with the necessity of the production of the entire record in certain cases, generally only an inspection of the entire record in the first action will disclose whether the identical issue in controversy in the pending suit was settled between the identical parties thereto in the previous litigation.

In the present case it is difficult to see how it can be determined except from the complete record of the former proceeding whether the defendant, Rosetta Anderson, individually, was a necessary party to the first action, or whether she had been improperly or unnecessarily joined therein, and whether her individual rights in the property in controversy had been actually litigated and decided. 50 C. J. S., Judgments, sec. 771, pp. 300, 301; 30 Am. Jur., Judgments, sec. 224, pp. 956, 957.

Moreover, only by an examination of the complete record in the first suit can it be determined whether the vital issue now involved was a material issue in the first action. See *Talbot* v. *Virginia Elec., etc., Co.*, 152 Va. 864, 866, 148 S. E. 869; 30 Am. Jur., Judgments, sec. 182, p. 928; 50 C. J. S., Judgments, sec. 725, pp. 213, 214.

Among the allegations stricken from the answer was one to the effect that inasmuch as the judgment in the first action in favor of the plaintiff was for the sum of $1.00, and was "not appealable," it did not operate as an estoppel against the defendant in the present suit.

The contention of the appellant that this action was error is supported by no citation of authority on the precise point.

On the other hand, we find that the subject has frequently been before the courts and it is universally held that the fact that the amount in controversy in a final judgment is so small that the defeated party has no right of appeal does not affect its operation as *res judicata* with regard to the particular issues determined thereby. See Freeman on Judgments, 5th Ed., sec. 635, p. 1339; 30 Am. Jur., Judgments, sec. 217, p. 950; *Idem*, sec. 217, 1948 Supp., p. 61; 157 A. L. R. 1039, Anno.

The basis of this principle is that the conclusiveness of the prior adjudication upon the issue sought to be retried depends not upon whether that judgment was subject to review, but upon whether it was a final determination by a court, which had jurisdiction of the subject-matter and of the parties, of the identical issue and between the same parties before the court in the subsequent litigation. *Johnson Steel Street Rail Co.* v. *William Wharton, Jr., & Co.*, 152 U. S. 252, 261, 14 S. Ct. 608, 38 L. ed. 429. The fact that the amount in controversy in the first suit was below the required jurisdictional amount of the appellate court does not affect the finality of the judgment.

In support of their position counsel for the appellant rely on the following quotation from Restatement of the Law, Judgments, sec. 69(2), p. 315: "Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is *immaterial* or *moot*, the judgment is not conclusive against him in a subsequent action on a different cause of action." (Italics supplied.)

This authority is not on the precise point at issue and is not in conflict with the view expressed above. See 157 A. L. R. 1043, Anno., where the subject is discussed.

Accordingly, we are of the view that the lower court did not err in striking this latter allegation from the answer.

For the error of the lower court in striking the other

allegations from the answer the decree appealed from is reversed and the cause is remanded for a new hearing in accordance with the views here expressed.

*Reversed and remanded.*