## Richmond

BERTHA S. LISTER, ET AL. v. VIRGINIA NATIONAL BANK.

April 28, 1969.

Record No. 6898.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Melvin J. Radin* for appellants.

*Thomas H. Wilcox, Jr.* (*Wilcox, Savage, Lawrence, Dickson & Spindle*, on brief), for appellee.

SNEAD, J., delivered the opinion of the court.

Bertha S. Lister, Catherine S. Morris, Hunter T. Sawyer and Clifton P. Sawyer, complainants, filed a bill of complaint against Virginia National Bank, defendant, praying that defendant's account as executor of the estate of Mary D. Sawyer be surcharged and falsified as to certain items contained therein. The defendant demurred to the bill and by a decree entered August 17, 1967, the chancellor sustained the demurrer and dismissed the cause from the docket. The complainants assigned error to this action of the court and we granted them an appeal.

The bill of complaint alleged, among other things, that Mary D. Sawyer died testate on May 7, 1964; that on May 18, Virginia National Bank qualified as executor of her estate in the clerk's office of the Circuit Court of the City of Norfolk; that a part of her estate was derived from a trust which her husband had established; that defendant paid to attorneys representing Mrs. Sawyer's estate as well as the complainants, whose position and interest were identical, in a will contest "approximately $7,000 in excess of that agreed upon" after having been directed by an agent of complainants not to pay the "excessive" fee, and that the fees and commissions charged by defendant for administering Mrs. Sawyer's estate were "grossly excessive".

The substance of the demurrer to the bill was that since defendant's account as executor had been approved by the assistant commissioner of accounts and confirmed by the court, it was not subject to attack in a suit to surcharge and falsify under Code, § 26-34.

The dominant question presented by the pleadings is whether the confirmation of the report of the assistant commissioner of accounts approving the executor's account constituted a bar to the prosecution of complainants' suit to surcharge and falsify the *ex parte* settlement of the executor's account.

Code, § 26-34 provides:

"The [commissioner's] report, to the extent to which it may be so confirmed by an order of the court or judge upon exceptions filed, or in whole when confirmed by lapse of time without exceptions, as provided in the preceding section (§ 26-33), shall be taken to be correct, except so far as it may, in a suit, in proper time, be surcharged or falsified; but no person who was a party to exceptions filed to the report shall bring a suit to surcharge or falsify the report, and in such case the action of the court on the report shall be final as to such party, but may be appealed from as in other suits in equity."

The statute was first enacted in 1849 (Code, 1849, ch. 132, § 23, p. 552). It provided: "The report, to the extent to which it may be so confirmed, shall be taken to be correct, except so far as the same may, in a suit, in proper time, be surcharged or falsified." In 1932 the statute was amended (Acts of Assembly 1932, p. 554) by adding: "provided, however, that no person who shall have been a party to exceptions filed to the report shall bring a suit to surcharge or falsify said report, but in such case the action of the court on the

report shall be final as to such party, but may be appealed from as in other suits in equity". In 1944, the statute (Code, 1919, § 5429) was further amended to its present form.

The complainants contend that since they did not file exceptions to the commissioner's report, § 26-34 does not deprive them of the right to institute their suit to surcharge and falsify the *ex parte* settlement of the executor's account; that their bill contained sufficient allegations to maintain such a suit, and that the chancellor erred in sustaining the demurrer.

On the other hand, the defendant executor says, among other things, that the present statute was enacted to permit "disgruntled beneficiaries ready access to trial and appellate courts, via the usual methods of exceptions and appeals"; that the statute does not enlarge the remedy available through suits to surcharge and falsify, but limits the remedy; that the bill contains no allegation of fraud, error, mistake or omission; that the proper and only remedy available to complainants was by exceptions to the commissioner's report, and that it was never intended that a bill to surcharge and falsify should permit a general review of an accounting.

In Harrison on Wills and Administration, 2nd ed., § 523, p. 428, the author states:

"* * * The accepted remedy is now in a court of equity. In fact, the only method contemplated by the Virginia Code [§ 26-34] for the impeachment of an *ex parte* settlement is by bill in equity to surcharge and falsify, except in the case of a person who was a party to exceptions filed to the report, in which case the statute prohibits such person from bringing a suit to surcharge and falsify, but does permit an appeal as in other suits in equity."

Section 26-34 does not prohibit a beneficiary, who did not file exceptions to the commissioner's report within the statutory period (now 15 days), from seeking equitable relief by instituting a suit in proper time to surcharge and falsify an *ex parte* settlement of the fiduciary's account. A beneficiary may elect whether to file exceptions to the report or to institute a suit to surcharge and falsify. If he files exceptions to the report then he is barred from prosecuting such a suit. The statute specifically states that a confirmed report "shall be taken to be correct, except so far as it may, in a suit, in proper time, be surcharged or falsified".

In the case at bar, the complainants did not file exceptions to the commissioner's report and instituted their suit to surcharge and falsify

within the limitation period specified by Code, § 8-16.[1] Hence, the complainants were not barred from equitable relief by § 26-34.

In deciding the correctness of the chancellor's ruling sustaining the demurrer we must examine the bill itself and determine whether it states a cause of action. *Anderson* v. *Patterson*, 189 Va. 793, 798, 55 S.E.2d 1, 3; Burks Pleading and Practice, 4th ed. § 208, p. 339. We think it does. As has been stated, complainants alleged, among other things, that counsel fees were paid in excess of the amount agreed upon, and that the fees and commissions charged Mrs. Sawyer's estate were "grossly excessive". An allegation of fraud was not essential.

The bill does not ask for a general review of the executor's account. The inquiry is directed toward error or mistake in certain specific items. In 34 C.J.S., Executors and Administrators, § 921, p. 1131, it is stated:

"When errors or mistakes only are shown to exist in an account the settlement will not be opened, as will be done where fraud or accident affecting the entire action of the probate court is shown, but the person alleging the error or mistake in the account will be permitted to surcharge and falsify it. The distinction between opening an account and surcharging and falsifying it is that when an account is opened the whole of it becomes subject to review, while when it is merely surcharged and falsified the inquiry is limited to particular items alleged to have been improperly included or omitted, and in all other respects the account is left to stand as it is."

We hold that the chancellor erred in sustaining the demurrer to complainants' bill, and the case is remanded for a trial on the merits.

*Reversed and remanded.*

---

(1) § 8-16. "As to any suit against such fiduciary himself, or his representative, which could have been maintained if he had given no bond, there shall be no other limitation than would exist if § 8-13 had not been passed, except, that when such fiduciary has settled an account under the provisions of Title 26, a suit to surcharge or falsify the same, or to hold such fiduciary or his sureties liable for any balance stated in such account to be in his hands, shall be brought within ten years after the account has been confirmed,"