## CIRCUIT COURT OF FAIRFAX COUNTY

DuVall, Blackburn,
Hale & Downey

v.

Rose Marie Siddiqui

July 17, 1989

Case No. (Law) 87159

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on the plaintiff/counter-defendant's demurrer to the defendant/counter-plaintiff's counterclaim. Plaintiff/counter-defendant DuVall, Blackburn, Hale and Downey ("DuVall") filed a warrant in debt in General District Court to recover legal fees. Defendant/counter-plaintiff Rose Marie Siddiqui ("Siddiqui") then removed the action to Circuit Court and filed a counterclaim for legal malpractice, to which DuVall now demurs.

DuVall's first grounds in support of its demurrer is that the consent decree was not entered because it was not agreed to by Mr. Siddiqui. This is an improper basis for a demurrer because a demurrer admits the truth of all facts expressly alleged for the purposes of the demurrer. *Duggin v. Adams*, 234 Va. 221 (1987). Siddiqui's counterclaim alleges that DuVall represented to her that the consent decree had been entered by the Judge. Therefore, this fact cannot be disputed by demurrer.

DuVall next argues that the consent decree was a part of a property settlement agreement between Siddiqui and her husband, which was not prepared by counsel. Therefore, Siddiqui has a remedy at law to enforce the agreement against her husband. The demurrer cannot be sustained on these grounds because a demurrer lies only for defects

which are apparent on the face of the record. Allegations of new matter are not appropriate. *Anderson v. Patterson*, 189 Va. 793 (1949). These facts were not alleged in the counterclaim and cannot be the basis for a demurrer.

In addition, counsel have suggested that the Plaintiff's damages have not been properly pled. Although the Court declines to sustain a demurrer on this issue, any damages claimed by the Plaintiff will be subject to proof at trial.

The demurrer is overruled.