883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTHERN VIRGINIA LAW SCHOOL, INC, Alfred Avins, Plaintiffs-Appellants,
v.
Joan S. JONES, Stanley E. Harrison, William C. Battle,
Robert L. Burrus, Whittington W. Clement, Bernard J.
Haggerty, Ruby G. Martin, Hugh L. Patterson, Abe J. Spero,
William B. Spong, Jr., Stephen J. Wright, Defendants-Appellees.
 No. 88-1781.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1989.
Decided Aug. 4, 1989.
Rehearing and Rehearing In Banc Sept. 5, 1989.
 
 Alfred Avins for appellant.
 Richard Croswell Kast, Assistant Attorney General (Mary Sue Terry, Attorney General, Paul J. Forch, Senior Assistant Attorney General, Chief Education Section on brief) for appellees.
 Before ERVIN, Chief Judge, and HARRISON L. WINTER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, Northern Virginia Law School (NVLS) and Alfred Avins, brought this action in the district court against defendants, members of the Virginia Council of Higher Education (Council), alleging that the Council had violated their first amendment rights by refusing to renew NVLS' license to confer the J.D. degree. Plaintiffs sought a declaratory judgment and an injunction requiring the Council to renew NVLS' license. After denying plaintiffs' request for a preliminary injunction, the district court abstained from hearing this action and dismissed it on the ground that plaintiffs had initiated pending concurrent state proceedings addressing the same issues.
 
 
 2
 Plaintiffs appeal. We affirm. While we do not disagree that the case may be dismissed under abstention doctrine, we are certain that it should be dismissed under familiar and fundamental rules of res judicata.
 
 I.
 
 3
 The facts in this case are not in dispute. NVLS is "the first exclusively weekend law school in the United States." Avins is a faculty member and one of the school's directors. In 1982, the Council granted NVLS provisional approval to confer the J.D. degree, expressly providing that such approval was contingent on NVLS' making "satisfactory progress" toward accreditation by an accrediting body recognized by the U.S. Department of Education. NVLS has been unable to obtain such accreditation, apparently because it does not employ full-time faculty.
 
 
 4
 In 1986, the Council refused NVLS' third request for an extension of provisional approval on the ground that NVLS had not made satisfactory progress toward obtaining accreditation. After unsuccessfully seeking redress through administrative channels, plaintiffs brought suit against defendants in the Circuit Court of the City of Alexandria, raising the same claims as they assert here. On August 11, 1988, that court issued a final decree dismissing plaintiffs' action without leave to amend. Plaintiffs subsequently filed appeals in the Virginia Supreme Court and the Virginia Court of Appeals. The Supreme Court has since denied plaintiffs' petition for appeal, and the Court of Appeals has indicated that there is "not probable cause to believe" that plaintiffs will prevail in that court. On August 24, 1988, a few days after plaintiffs had filed their appeals in the Virginia courts, they initiated this action in the district court.
 
 II.
 
 5
 We think that plaintiffs' action is barred by basic principles of res judicata. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Allen v. McCurry, 449 U.S. 90, 96 (1980). Under Virginia rules of res judicata, "[a] valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Bates v. Devers, 214 Va. 667, ---, 202 S.E.2d 917, 920-21 (1974) (footnote and emphasis omitted). Here, a Virginia trial court has issued a final decree dismissing plaintiffs' action without leave to amend,[1] and the Supreme Court of Virginia has rejected plaintiffs' appeal therefrom.
 
 
 6
 We think it clear that the Virginia judgment against them precludes plaintiffs' federal action. Our conclusion is not altered by the fact that plaintiffs still have an appeal pending in the Virginia Court of Appeals. While we have not found any Virginia precedent precisely on point, we think that Virginia would not depart from the general rule that a judgment remains final for the purposes of res judicata despite the pendency of an appeal. See Restatement (Second) of Judgments Sec. 13 comment f (1982); 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction Sec. 4433 at 308 (1981); 8B Michie's Jurisprudence of Virginia and West Virginia, Former Adjudication or Res Judicata Sec. 2 at 152, Sec. 10 at 161-62, Sec. 13 at 167-68 (1977). Indeed, the Supreme Court of Virginia has held that the fact that a judgment is so small that the defeated party has no right of appeal under Virginia law does not affect the judgment's finality for the purposes of res judicata, since "the conclusiveness of the prior adjudication ... depends not upon whether that judgment was subject to review, but upon whether it was a final determination by a court, which had jurisdiction of the subject-matter and of the parties, of the identical issue and between the same parties before the court in the subsequent litigation." Anderson v. Patterson, 189 Va. 793, ----, 55 S.E.2d 1, 4 (1949). Cf. Storm v. Nationwide Mut. Ins. Co., 199 Va. 130, ----, 97 S.E.2d 759, 761 (1957) (" '[a] judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter ... is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack' ") (emphasis supplied) (citation omitted).[2]
 
 
 7
 Since plaintiffs are foreclosed from prevailing on the merits, we need not address plaintiffs' contentions concerning the district court's denial of their motion for a preliminary injunction.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 "It is a well-established law that a final decree in chancery is as conclusive as a judgment at law." 8B Michie's Jurisprudence of Virginia and West Virginia, Former Adjudication or Res Judicata Sec. 6 at 158 (1977)
 
 
 [2]
 We note in passing that there is another potential ground of decision that we find it unnecessary to reach--that of jurisdiction of the district court. The Supreme Court has made clear that because lower federal courts have no authority to review decisions of state courts, see Asarco Inc. v. Kadish, --- U.S. ----, ---- (1989); Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 286, 296 (1970); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), they are without jurisdiction to hear federal constitutional claims that are "inextricably intertwined" with an earlier state court judgment in the same case. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n. 16 (1983). Here, plaintiffs' constitutional claims are the same as the ones they raised in their state action. It may therefore be argued that the district court lacked jurisdiction to hear the case