## CIRCUIT COURT OF FAIRFAX COUNTY

Lindsey

v.

Crestar Bank

October 31, 1989

Case No. (Law) 90089

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon the Motion of the Plaintiffs to Strike the Plea in Bar filed herein by the Defendant; the Plea asserting that Plaintiffs' sole remedy is an action in equity.

The matter has been extensively and well briefed by counsel, and the Court has considered all the authorities cited and the arguments made on behalf of each side. The Court has concluded that the Motion to Strike the Plea in Bar must be denied and the Plea sustained.

As Defendant points out, *Black's Law Dictionary* (5th Ed. 1979) defines "surcharge" as "the imposition of personal liability on a fiduciary for willful or negligent misconduct in the administration of his fiduciary duties." *Black's* also goes on to define "surcharge and falsify" as a phrase used in the courts of chancery. These definitions, taken in light of § 26-34, Code of Virginia (1950), as amended, leads directly to the conclusion that jurisdiction to so charge an Executor lies solely in equity.[1] *Lister v. Virginia National Bank*, 209 Va. 739, 167 S.E.2d 346 (1969),

---

[1] While not determinative of the issue here, it is noteworthy that all the cases cited by Plaintiffs in footnotes 1-4 of their initial Points and Authorities, except the Federal case where equity and law are merged and the Allen Realty Case which did not involve an Executor, were cases in equity.

would appear to confirm that conclusion, and the Court so holds.

The right to pursue claims of personal liability against the Executor by the beneficiaries in an action at law, as sought by Plaintiffs here, must be addressed to the legislature, not the Court.