# CIRCUIT COURT OF THE CITY OF NORFOLK

DeLouise Williams

    v.

Murry's Inc.

    v.

Blueberry Confections, Inc.

May 28, 1998

Case No. (Law) 97-3949

BY JUDGE JOHN C. MORRISON, JR.

The parties appeared before this court on a third-party defendant's plea of res judicata and demurrer. After considering the pleadings, applicable case law and statutes, and the arguments and legal memoranda of counsel for the respective parties, the court overrules the plea and demurrer for the reasons set forth in this letter opinion.

In an earlier suit filed in Norfolk General District Court on April 16, 1997, the plaintiff, DeLouise Williams, charged Murry's, Inc. ("Murry's") and Blueberry Confections, Inc. ("Blueberry") with "breach of warranty under Virginia Code Sections 3.1-383 and 3.1-388" for injuries resulting from the consumption of an allegedly contaminated mint. At trial, following the conclusion of plaintiff's case, the court granted Blueberry's motion to strike based on insufficiency of evidence to establish that Blueberry manufactured the mint. Murry's then presented its evidence, after which time plaintiff moved for and was granted a nonsuit. Plaintiff never appealed the court's ruling granting Blueberry's motion to strike.

On October 9, 1997, plaintiff filed this action against Murry's in the Norfolk General District Court for "personal injuries sustained ... due to defendant's negligence and breach of warranty by selling food which was unwholesome and unfit for human consumption inasmuch as it contained a foreign object." Murry's removed the action to the Norfolk Circuit Court where it filed a Third-Party Motion for Judgment against Blueberry for indemnity.

## Res Judicata

The third-party defendant, Blueberry, contends that the decision of the Norfolk General District Court striking plaintiff's case against Blueberry is res judicata as to the claims now asserted by the plaintiff.

"Res judicata encompasses four preclusive effects, each conceptually distinct, which a final personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel." *Bates v. Devers*, 214 Va. 667, 670 (1974). Four elements must be present before res judicata may be asserted to bar a subsequent proceeding: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Smith v. Ware*, 244 Va. 374, 376 (1992) (quoting *Wright v. Castles*, 232 Va. 218 (1986)).

The doctrine of res judicata has no application to the present case because identity of parties and remedies sought is lacking. The General District Court's judgment dismissing part of the plaintiff's case is res judicata insofar as it applies to a subsequent action between the plaintiff herself and Blueberry. While the plaintiff is a party to the present action, she alleges a cause of action against Murry's only. Plaintiff did not file a motion for judgment against Blueberry. Murry's did; Murry's is the third-party plaintiff. Finally, unlike the prior case, the remedy sought against Blueberry in the present case is one of indemnification.

Even if the doctrine of res judicata did apply, this court could not address the merits of such a claim. Blueberry filed a plea of res judicata and demurrer at the same time in response to Murry's motion for judgment. In Virginia practice, the responsive pleading which a defendant generally uses to deny the allegations of a motion for judgment is the grounds of defense. *See* Rule 3:7. Where the defendant must plead certain issues as affirmative defenses, he may do so by means of a special plea. *See* W. Hamilton Bryson, *Virginia Civil*

*Procedure*, at 239-45 (3d ed. 1997). The Virginia Supreme Court distinguished the plea from the grounds of defense:

> [A] plea, whether at law or equity, is a discrete form of defensive pleading. As distinguished from an answer or grounds of defense, *it does not address the merits* of the issues raised by the bill of complaint or motion for judgment. Yet, a plea is a pleading which alleges a single state of facts or circumstances ... which, if proven, constitutes an absolute defense to the claim.

*Nelms v. Nelms*, 236 Va. 281, 289 (1988). Among the familiar illustrations cited for the use of a special plea was res judicata.*See id.* (citation omitted).

"*[R]es judicata* may not be taken advantage of by demurrer where the pleading demurred to does not show on its face the existence of the matters relied on to support the application of the doctrine." *Anderson v. Patterson*, 189 Va. 793, 798 (1949). Thus, unless a motion for judgment includes exhibits or other attachments, a court may not resort to another pleading for purposes of supporting a demurrer. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993); *Flippo v. F & L Land Co.*, 241 Va. 14, 17 (1991) ("On demurrer, a court may examine not only the substantive allegations of the pleadings attacked but also any accompanying exhibit mentioned in the pleading.").

In the case at bar, Murry's third-party motion for judgment makes no reference to any exhibits or pleadings relating to a previous claim in and dismissal by the Norfolk General District Court. It does not appear on the face of the pleading that the present controversy was adjudicated in a prior action. Without the parties' stipulation, a court may not consider documents not mentioned in the motion for judgment. *See Flippo*, 241 Va. at 17. This court is therefore limited to allegations which appear on the face of the pleading and may not consider the issue of res judicata until such is pleaded affirmatively in Blueberry's grounds of defense. To do so at this juncture would convert a special plea of res judicata into a motion for summary judgment.

### Blueberry's Demurrer

It is well established that a demurrer admits the truth of all properly pleaded material facts. Properly pleaded material facts, which are admitted, include facts expressly alleged, impliedly alleged, and fairly and justly inferred. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24

(1993). A demurrer challenges the legal sufficiency of a pleading and tests whether, based on facts alleged and any reasonable inferences therefrom, the plaintiff has stated a cause of action upon which the court may grant relief. *See* Va. Code Ann. § 8.01-273; *Burns v. Board of Supervisors*, 218 Va. 625, 627 (1977).

A demurrer does not, however, admit the legal conclusions as stated in the motion for judgment. *See Chick v. MacBain*, 157 Va. 60, 65 (1931). If a motion for judgment contains sufficient allegations of material facts to inform a defendant of the claim asserted, the court must overrule the demurrer. *See CaterCorp*, 246 Va. at 24. A demurrer, unlike a motion for summary judgment, does not allow the court to evaluate the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *See Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1992).

In its third-party motion for judgment, Murry's seeks indemnification from Blueberry should the plaintiff obtain judgment against Murry's. Blueberry demurs to Murry's claim on the basis that plaintiff's claim had already been litigated against Blueberry and dismissed by the Norfolk General District Court. However, Murry's third-party motion for judgment made no reference to plaintiff's prior action in the Norfolk General District Court. Because the court will not consider matters outside of a motion for judgment on a demurrer, Blueberry's demurrer must be overruled.