# CIRCUIT COURT OF NELSON COUNTY

Jo Ann Schaefer
and Mark Schaefer

v.

Tectonics, II, Ltd., et al.

February 26, 2008

Case No. CL07000313

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the pleas in bar and the demurrer in this case.

Tectonics, II, Ltd. ("Tectonics") has filed its special plea in bar asserting that the claims for personal injury under Count Two and Count Four are barred by the statute of limitations. This plea in bar is overruled as to the personal injury of Jo Ann Schaefer and sustained as to personal injury of Mark Schaefer.

The complaint in this case was filed on October 25, 2007. Paragraph 12 of the complaint alleges that Jo Ann Schaefer began to suffer "allergic and allergy type reactions" during the summer of 2006. Although the plaintiffs took possession of the home during the summer of 2003, there were no symptoms of injury until the summer of 2006.

In Virginia, action for personal injuries must be brought within two years after the cause of action accrues. Va. Code § 8.01-243(A). The right of action accrues when the injury is sustained. Va. Code § 8.01-230.

In the allegations of the complaint, the medical problems of Mrs. Schaefer were caused by exposure to mold, dust mite, and other organisms in the crawl space of the home. The complaint alleges that this condition was caused due to the negligent installation of the HVAC system.

Tectonics, in its plea in bar, asserts that the statute of limitations should begin to run in the summer of 2003, when any exposure first occurred, rather than "at the time of discovery in 2006."

This issue must be analyzed pursuant to the holding in *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981). In *Locke*, the court addressed the accrual of the statute of limitations in the context of a plaintiff that was last exposed to asbestos fibers in 1972, but was not diagnosed with mesothelioma until 1978. The court in *Locke* noted that the crucial issue is "when was the plaintiff hurt." *Id.* at 958. The Supreme Court further defined the word "injury" to mean "positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded." *Id.* at 957. This is to be established by "available competent evidence." *Id.* at 959. In the complaint, the first positive mental or physical hurt to Mrs. Schaefer was in the summer of 2006. Thus, it accrued within two years of the date of the filing of the complaint.

The analysis with respect to Mr. Schaefer is different. There is no allegation of physical or personal injury to Mr. Schaefer after his first exposure in the summer of 2003. Therefore, the best available evidence of injury to Mr. Schaefer is the summer of 2003. This is beyond the two-year statute of limitations. Thus, the plea in bar must be sustained as to Mr. Schaefer.

The defendant, R. S. Boyers Heating and Air Conditioning, Inc. ("Boyers"), has filed a plea in bar to the claims for actual fraud in Count Six and constructive fraud in Count Seven. Also, a plea in bar on the grounds of the statute of limitations has been filed to Count Eight of the complaint alleging a violation of the Virginia Consumer Protection Act. The demurrers to Counts Six, Seven, and Eight are overruled.

Every action for fraud shall be brought within two years after the cause of action accrues. A cause of action for fraud accrues when the fraud, mistake, misrepresentation, or deception is discovered or could be discovered by the exercise of due diligence. Va. Code § 8.01-249(1).

Under the allegations of paragraph 23 of the complaint, the plaintiffs did not learn of the alleged fraud until November 14, 2006. Thus, under the allegations, the accrual of the statute of limitations was within two years of the date of filing the complaint.

The statute of limitations under the Virginia Consumer Protection Act is also two years from the date of accrual. Va. Code § 59.1-204.1(A). Just as in fraud cases, causes of action under the Virginia Consumer Protection Act accrue on the date of discovery or the date when, pursuant to the exercise of due diligence, it reasonably could be discovered. Va. Code § 8.01-249(1). The allegations in the complaint also set forth that the violation of the Virginia Consumer Protection Act was discovered in November 2006. Thus, the accrual is within two years of the date of the filing of the complaint.

Boyers has also filed a demurrer. The demurrer alleges that the complaint has failed to state a claim upon which relief can be granted for actual fraud under Count Six, constructive fraud under Count Seven, and a violation of the Virginia Consumer Protection Act under Count Eight. The demurrer is overruled as to each count.

Actual fraud has six elements. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578 (2003). Plaintiffs have alleged each of these elements in their complaint.

Constructive fraud has the same elements except the misrepresentation of material fact is not made with intent to mislead. *Cohn*, 266 Va. at 369. The complaint also makes sufficient allegations to state a claim for constructive fraud.

Va. Code § 59.1-200 of the Virginia Consumer Protection Act sets forth various causes of action that may be brought under the act. Misrepresenting that "repairs . . . or services have been performed or parts installed" is prohibited under the act. Va. Code § 59.1-200(A)(10). The complaint sets forth sufficient allegations to state a claim for violation of this provision of the act.

Tectonics has filed a demurrer alleging that Count Two fails to state a claim of negligence against Tectonics because it seeks to establish a tort action based solely upon a negligent breach of contractual duty. The demurrer is sustained as to Count Two, and Count Two is dismissed. A tort action cannot be based on breach of contract. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144 (1991). In certain circumstances, there can be a breach of contract and tortious breach of duty where the negligent breach of duty is a common law duty, not one existing between the parties solely by virtue of the contract. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344 (1988); *Foreign Mission Bd.*, 242 Va. at 241.

4

In Count Two, plaintiffs allege that Tectonics "owed a duty to avoid causing injury and harm to the Schaefers in the performance of its work on the Home." Paragraph 36. In paragraph 37, they allege that this breach of duty occurred through failure of workmanship, failure to use due care in design of the HVAC system, failure to use due care in construction and inspection, failure to use due care in construction and inspection of the crawl space, failure to use due care in the construction and inspection of the drain, and failure to properly supervise and inspect the work of subcontractors. All of these duties come out of the construction contract, not out of an independent duty. Accordingly, because there has been no breach of an independent common law duty alleged, Count Two is dismissed pursuant to the demurrer.

Tectonics also states a demurrer as to Count Four, the negligence *per se* claim. Tectonics maintains that a negligence *per se* claim cannot lie against a general contractor if the violation was performed by a subcontractor. This demurrer is overruled.

Tectonics is correct that one who employs an independent contractor is not liable for injuries to third parties resulting from the independent contractor's negligence. *MacCoy v. Colony House Builders*, 239 Va. 64, 69, 387 S.E.2d 760 (1990). However, as noted in the same case, violation of the building code is negligence *per se. MacCoy*, 239 Va. at 69. Count Four alleges negligence *per se* against Tectonics for violation of the Virginia Uniform Statewide Building Code, and Count Five alleges negligence *per se* against Boyers for violation of the Virginia Uniform Statewide Building Code.

Because it is negligence *per se* to violate the building code, it must be proven whether Tectonics or Boyers did the work that violated the code. Therefore, this is a matter of proof. Although Tectonics is certainly not liable for the work of its independent contractor, Boyers, it is liable for the work that it actually performed or contracted to perform.

Only after the evidence is developed through discovery or at trial, can the court rule whether or not Tectonics was liable under Count Four.

The motion craving oyer is granted. The plaintiffs object to producing the written contract through a motion craving oyer as opposed to discovery. However, when a court may be called upon to construe or interpret a writing, the court has the duty to require the pleader to produce all the material parts. *Culpeper National Bank of Culpeper v. W. G. Morris*, 168 Va. 379, 382-83, 191 S.E. 764 (1937); *Martin v. Martin*, 167 Va. 206, 212, 188 S.E. 148 (1936). In this case, Count One is based upon breach of contract. Thus, the court will ultimately be required to construe or interpret this writing. Accordingly, the motion is granted.