# Wytheville

## THE CULPEPER NATIONAL BANK OF CULPEPER, VIRGINIA

v.

## W. G. MORRIS, ET ALS.

June 10, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Burnett Miller*, for the appellant.

*E. E. Johnson* and *Shackelford & Robertson*, for the appellees.

HUDGINS, J., delivered the opinion of the court.

The material allegations of the bill filed by the Culpeper National Bank are: (1) That the bank is a judgment lien creditor of Willie G. and Lewis A. Morris; (2) that as heirs at law of their mother, Annie E. Morris, the judgment debtors were entitled to two-thirds undivided interest in all real estate owned by her at the time of her death; (3) that while a paper writing purporting to be the last will and testament of Annie E. Morris was, on October 30, 1933, admitted to probate by the clerk of the circuit court of Culpeper county, the other

heir at law, Lewis S. Morris, a grandson of Annie E. Morris, had, under Code, section 5259, filed a bill in equity to contest the validity of the will; that in the suit on the issue *devisavit vel non*, a jury had returned a verdict against the validity of the will, which verdict the court had set aside, and, in accordance with the compromise agreement made between the parties, had admitted the will to probate; (4) that under the will no property was devised or bequeathed to Willie G. and Lewis A. Morris in their own right. The bill charged that an agreement not to contest the will, while binding between the parties to the cause, was null and void as to lien creditors of the heirs. The prayer of the bill was that the court declare the order setting aside the verdict of the jury to be null and void in so far as the lien creditors of the heirs were concerned, and that the real estate of which Annie E. Morris died seized and possessed be sold, and two-thirds of the net proceeds therefrom be applied to the payment of the judgments and liens obtained against the heirs at law of decedent.

The executors and beneficiaries named in the will of Annie E. Morris claimed *oyer* of the complete record in the former suit brought to contest the will, and demurred to the bill. The demurrer was sustained, and upon the refusal of appellant to amend its bill according to the ruling of the trial court, a final decree was entered dismissing the cause. From that decree this appeal was allowed.

The first assignment of error is to the ruling of the trial court granting respondents *oyer* of the entire record of the former suit. It appears from the bill in this cause that appellant undertook to describe the proceedings in the other suit, the purpose for which it was brought, the evidence introduced, the issues submitted, the verdict of the jury, the motion to set aside the verdict, and the order of the court admitting the will to probate, but filed as exhibits with its bill only a small part of the record, and then asked the court to accept its construction of the whole record by an inspection of only such parts as complainant saw fit to introduce. No intelligent construction of any writing or record can be made unless all of the essential parts of such paper or record are produced. A litigant has no right to put blinkers on the court and attempt to

restrict its vision to only such parts of the record as the litigant thinks tend to support his view. When a court is asked to make a ruling upon any paper or record, it is its duty to require the pleader to produce all material parts. The procedure followed by the trial judge was expressly approved in *Martin* v. *Martin,* 167 Va. 206, 188 S. E. 148.

There are nine separate and distinct grounds set forth in the demurrer raising several very interesting questions of law, but inasmuch as appellant's whole case is based upon two unusual propositions, we will state the contentions and confine the discussion to them.

The first contention is that a verdict of a jury declaring a will invalid, without more, entitles a judgment lien creditor of an heir to a lien on the heir's interest in the real estate of which the decedent died seized and possessed, just as if the deceased had died intestate. The second contention is that when a decedent devises real estate to another, not an heir, an agreement not to contest such a will, confirmed by an order of court admitting the will to probate, is void as to judgment creditors of such heir.

The record in the former suit shows that on October 30, 1933, a paper writing bearing date June 28, 1933, purporting to be the last will and testament of Annie E. Morris, was duly admitted to probate by the clerk of the circuit court of Culpeper county. By this will the testatrix devised and bequeathed certain real estate and personal property to her grandson Lewis S. Morris, and directed the residue of her estate to be divided into two equal parts. One part she gave to her son Willie G. Morris, in trust for certain named beneficiaries, and the other part she gave to Lewis A. Morris, in trust for certain other named beneficiaries. Lewis S. Morris, the grandson, at second February rules, 1934, filed his bill against the other heirs, the executors and beneficiaries named in the will. The bill charged that the will was invalid because of mental incapacity of the testatrix, and because of undue influence exercised over her at the time it was executed. The answer filed by the respondents made specific denial of the charges alleged. On May 8, 1934, a jury on the issue *devisavit vel non,* returned a verdict

against the will bearing date June 28, 1933. Immediately upon return and docketing of this verdict, counsel for contestees moved to set it aside on the ground that it was contrary to the law and the evidence, and for numerous other rulings of the court made during the progress of the trial. This motion was docketed, and on October 12, 1934, the parties to the proceedings reported to the court that they had settled by compromise their respective claims and consented to the order of the court setting aside the verdict of the jury and confirming the action of the clerk in admitting the will to probate as of October 30, 1933.

Trial judges have the same right of supervision and control over verdicts of juries in proceedings to contest a will as they have in common-law actions. The statute requiring that a "trial by jury shall be ordered" only means a jury trial, accompanied by all of the incidents and modes of procedure attendant upon such a proceeding. The parties have a right to waive a jury as in a common-law action, or to demur to the evidence, and a judgment of the court without a jury in such cases is not an invasion of the right of the trial by jury. *Meade v. Meade*, 111 Va. 451, 69 S. E. 330; Burks' Pleading and Practice (3d Ed.) 435. If the evidence is insufficient to justify the trial court in submitting the issue to the jury, a motion to strike is the accepted procedure. *Hentz v. Wallace's Adm'r*, 153 Va. 437, 445, 150 S. E. 389.

A verdict without a judgment of a court of competent jurisdiction entered upon it is generally held to have no validity. 34 C. J. section 1180. For still stronger reasons in law, logic, and common sense, if a verdict without a judgment has no validity, a verdict which has been set aside and a judgment entered contrary to the verdict has even less validity. Its brief existence has ended.

"A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence. To give efficacy to a verdict, general or special, it must be followed by a judgment, and when offered to establish any fact, such fact must have constituted, in whole or in part, the foundation of the judgment which was rendered. * * *

"If the judgment originally rendered upon the special ver-

dict here in question had still subsisted, the case would be a
different one. But that judgment was reversed. The reversal
took away all efficacy from the verdict." *Smith* v. *McCool*,
16 Wall. (83 U. S.) 560, 561, 562, 21 L. Ed. 324.

The verdict of a jury on the issue *devisavit vel non*,
although the finding is for the validity of the writing pro-
duced for the will, is not a probate of the will. Nor is the
verdict finding against the validity of the writing a final de-
termination of its rejection for probate. The return of a ver-
dict by a jury and the verdict itself are incidents in the prog-
ress of the trial to test the validity of the will. The finality of
the validity or invalidity of the writing is the judgment of the
trial court accepting or rejecting the verdict.

In one phase of appellant's argument is conceded that
the trial judge had the power to set aside the verdict on one or
more of the grounds stated in the motion, but appellant con-
tends that the court had no power to act on the agreement of
the parties to the contest, and that inasmuch as the order of
October 12, 1934, shows that the parties had compromised
their controversy and had given their consent to the order, it
is void as to the judgment lien creditors of the heirs. A judg-
ment entered by a court of competent jurisdiction, by consent
of the parties to the litigation, does not deprive the adjudica-
tion of its judicial character or efficacy.

"A consent judgment is undoubtedly contractual in its
nature and should be construed as though it were a contract.
It is based wholly upon the agreement of the parties with
respect to the matter in controversy in the action and involves
no judicial inquiry into, or preliminary adjudication of, the
facts or the law applicable thereto. The agreement or consent
renders this unnecessary and improper. But nevertheless, and
notwithstanding statements frequently made to the contrary,
the judgment is obviously something more than a contract,
being rather the result of a contract and its embodiment in a
form which places it and the matters covered by it beyond
further controversy. The rendition and entry of the judg-
ment requires the judicial action of the court, and it is there-
fore valid though it requires the parties to do what they could
not contract to do; neither can it be vacated because the agree-

ment pursuant to which it was entered is not performed. Such a judgment has substantially the same effect as any other judgment rendered in ordinary course, and is entitled to the same presumptions. As we have elsewhere seen, it is equally conclusive as to matters adjudicated, is not subject to collateral attack except upon jurisdictional grounds, and is entitled to full faith and credit in a sister state.

"* * * It is difficult to conceive upon what theory the action of the court in rendering judgment upon the agreement of the parties may be treated as not judicial and conclusive. It may not, of course, be *res judicata* of matters not actually passed upon by the court, but this goes rather to the question of what may be deemed to have been adjudicated rather than whether the judgment is entitled to any effect as *res judicata.*" Freeman on Judgments (5th Ed.), vol. 3, sec. 1350.

The bill contains no allegation of fraud, collusion, or misrepresentation made to induce any party to agree to the order. The attack is upon the power of the court to enter judgment by consent in a contested will case. On the question of the right of parties in interest in the probate of a will to agree not to contest the will or to withdraw objections after the contest has been instituted, there is some conflict of authority. In Wisconsin this right is denied on the ground of public policy. See *Taylor* v. *Hoyt*, 207 Wis. 520, 242 N. W. 141. The general rule established by the weight of authority is that a *bona fide* agreement made by an heir whereby he promises that he will refrain from contesting the will is not against public policy, and is valid. This is true whether the agreement is made by the heir with the decedent in his lifetime (*In re Cook's Will*, 244 N. Y. 63, 154 N. E. 823, 55 A. L. R. 806), or with the beneficiary named in the will after the death of the testator. *Seaman* v. *Colley*, 178 Mass. 478, 59 N. E. 1017; *Sprigg* v. *Sprigg's Trustee*, 28 Ky. Law Rep. 944, 90 S. W. 985, and numerous cases cited in a note in 55 A. L. R. 812, 818.

A contract made by the parties who are interested, some in establishing the will in question, and others in resisting its admission to probate, which is made with the full knowledge

of the facts and without misrepresentation, fraud or deceit, by which the parties agreed to withdraw opposition to the will and to permit its admission to probate, is generally held to be valid. Page on Wills, vol. 1 (2d Ed.) 1048. See *Callaghan* v. *Corbin*, 255 N. Y. 401, 175 N. E. 109, 81 A. L. R. 1184, and note 1187.

"It is said that compromise agreements are favored in equity, and this is especially true of family settlements of disputed claims, and that they will not be set aside for fraud unless the fraud be proved 'by clear and convincing testimony.'" Judge Burks' opinion in *Hicks* v. *Wynn*, 137 Va. 186, 195, 119 S. E. 133, 136.

The terms of the compromise were not set forth in the order admitting the will to probate, and indeed it was not contemplated that they should have been. It seems that the terms were verbally reported to the court, and by it approved. The purpose of that litigation was not to obtain a judgment *in personam*, but to ascertain whether the will offered for probate was executed by a competent person, and in the form and manner prescribed by statute. The only inference that can be drawn from the record is, that the suit was instituted in good faith, vigorously prosecuted, and for reasons satisfactory to the parties, and with the consent of the court in the cause, it was finally terminated by a consent order. Virginia Code, section 5258, provides that a final order in such a contest is not open to attack except "on such a ground as would give a court of equity jurisdiction over other judgments at law." No such ground is alleged in the bill.

In *Ballow* v. *Hudson*, 13 Gratt. (54 Va.) 672, 682, it is said: "Considerations of public policy require that all questions of succession to property should be authoritatively settled. Courts of probate are therefore organized to pass on such questions when arising under wills; and a judgment by such court is conclusive whilst it remains in force, and the succession is governed accordingly. A judgment of this nature is classed amongst those which in legal nomenclature are called 'judgments in rem.' Until reversed, it binds not only the immediate parties to the proceeding in which it is had but all other persons, and all courts."

This rule has been consistently followed in Virginia. Among the numerous cases enforcing or approving the rule, see *Saunders* v. *Link*, 114 Va. 285, 293, 76 S. E. 327, 330; *Avant* v. *Cook*, 118 Va. 1, 86 S. E. 903. In the former case Judge Whittle, speaking for the court, said: "In this State the doctrine has long been settled that the sentence of a court of probate having jurisdiction of the subject is a judgment *in rem*, and 'until reversed binds not only the immediate parties to the proceeding, but all other persons (though infants at the time) and all courts.' See note to section 2533 and authorities cited, and *Vaughan* v. *Doe ex dem. Green*, 1 Leigh (28 Va.) 287; *Wills* v. *Spraggins*, 3 Gratt. (44 Va.) 555; *Parker's Ex'rs* v. *Brown's Ex'rs*, 6 Gratt. (47 Va.) 554; *Robinson* v. *Allen*, 11 Gratt. (52 Va.) 785; *Ballow* v. *Hudson*, 13 Gratt. (54 Va.) 672; *Norvell* v. *Lessueur*, 33 Gratt. (74 Va.) [222] 224." Freeman on Judgments (5th Ed.), vol. 2, sec. 812.

The final judgment of probate was pronounced in a suit brought in conformity with the statute and in which all the heirs at law of the deceased and all beneficiaries named in the will were parties. The fact that the order shows that a contestant, for reasons satisfactory to himself, in effect withdrew his objections to the probate of the will, did not deprive the sentence admitting the will to probate of its judicial effect.

It further alleged in the bill that Willie G. and Lewis A. Morris owned other parcels of land and that there are numerous liens binding thereon, and the bill contains a prayer that the dignity and priority of all liens be ascertained, and that these lands be sold to discharge the same. The truth of these allegations is admitted by the demurrer. The learned trial court held that appellant was entitled to proceed with the case as a lien creditors suit, but denied appellant the right to attack the validity of the will of Annie E. Morris, and implead the executors, trustees and beneficiaries named therein. There was no error in this ruling.

We affirm the decree and extend the appellant the privilege of amending its bill in accordance with the ruling of the trial court, and for that purpose we remand the cause.

· *Affirmed.*