LIBERTY MUTUAL INSURANCE COMPANY

V.

PAMELA WRAY EADES, ETC.

Record No. 931833

September 16, 1994

Present: All the Justices

*Helen L. Konrad (E. Lewis Kincer, Jr.; Mezzullo & McCandlish,* on briefs), for appellant.
*James A. McCauley (Ray P. Lupold, III; Marks & Harrison,* on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

In this appeal, we deal with a collateral attack on a judgment entered upon a stipulation of the parties.

In May 1989, appellee Pamela Wray Eades, the plaintiff below, was injured while a pedestrian in Prince George County when struck by a Toyota truck owned and operated by Dana L. Veazey. At the time of the accident, appellant Liberty Mutual Insurance Company, the defendant below, had issued a policy of motor vehicle liability insurance labelled "Business Auto Policy" to Veazey's father as the named insured. The father operated a home improvement business and the policy listed four vehicles, including the daughter's truck, as "covered autos."

Upon being notified of the accident and a subsequent personal injury suit brought in the Circuit Court of Prince George County by the plaintiff against Veazey, the insurer refused to provide coverage to Veazey. The insurer asserted that it had been given im-

proper "ownership information" in the application for the policy and that the business policy did not cover vehicles owned by family members of the named insured. Apparently, the insurer did not seek adjudication of the coverage question by declaratory judgment nor did it undertake to furnish Veazey a defense under a reservation of its rights later to deny coverage. The insurer simply took no part in the tort action.

As a result, Veazey employed counsel, who subsequently reached an agreement with counsel for the plaintiff regarding disposition of the pending action. The parties agreed to present a stipulation to the court and to ask that judgment be entered for the plaintiff against Veazey. As a part of the agreement, the plaintiff promised not to seek collection of the judgment against Veazey.

Accordingly, in December 1991, a final order was entered in the pending action as follows:

> "Came this day the parties, by counsel, upon the stipulation of certain facts and issues and upon consideration thereof, it is ORDERED that the plaintiff, Pamela Wray Eades, shall have judgment against the defendant, Dana L. Veazey, in the sum of Forty Thousand Dollars ($40,000.00), with interest from the date of entry of this order as provided by [statute]."

Subsequently, the insurer refused the plaintiff's demand to indemnify Veazey and to satisfy the judgment. Thereafter, Veazey and her father assigned to the plaintiff all rights, claims, and causes of action existing in their favor against the insurer.

In October 1992, the plaintiff filed the present action in the Circuit Court of the City of Richmond against the insurer seeking indemnification under the insurance contract and satisfaction of the prior judgment. Denying liability, the insurer raised the coverage question and also asserted that the judgment was "a result of collusion" between the plaintiff and Veazey.

During the course of a jury trial, the court rejected the insurer's argument that the plaintiff had the burden of establishing that the underlying judgment was reasonable in light of the injuries actually suffered by the plaintiff in the accident. The insurer presented evidence that the plaintiff suffered no "broken bones," was treated and released at a hospital immediately after the accident, and in-

curred only $1,872 in medical bills as the result of the injury. The trial court ruled that the insurer was not permitted to challenge the reasonableness of the amount of the judgment, unless it could prove fraud or collusion.

Therefore, the trial dealt with the issues of insurance coverage and collusion. The jury found in favor of the plaintiff. Overruling the insurer's motion to set the verdict aside, the court entered judgment in September 1993 against the insurer for $40,000 plus interest and costs.

We awarded the insurer this appeal, limited to consideration of the question whether the insurer properly could collaterally attack "the reasonableness and prudence of the amount of a stipulated judgment entered into in another court proceeding" in which the insurer was not a party and did not "participate in any way."

On appeal, the insurer recognizes that the issues of insurance coverage and collusion have been finally decided against it. Nevertheless, the insurer argues, mainly relying on cases from other jurisdictions, that the plaintiff's stipulated judgment is not conclusive upon the insurer until the insurer has an opportunity to litigate not only whether the judgment was a product of collusion but also whether the judgment reflects a reasonable and prudent settlement. We disagree.

Initially, we consider the nature and effect of a final consent judgment entered, as here, by a court having jurisdiction of the parties and the subject matter. A consent judgment entered upon a stipulation of the parties requires judicial action by the court and therefore is valid, has substantially the same effect as any other judgment, is conclusive of the matters adjudicated, is not subject to collateral attack except upon jurisdictional grounds or for fraud or collusion, and is entitled to full faith and credit in a sister state. *Culpeper Nat'l Bank* v. *Morris*, 168 Va. 379, 385-87, 191 S.E. 764, 767 (1937). This is true even though the judgment is contractual in nature and is based wholly upon the parties' agreement, which renders preliminary adjudication of the facts or the law applicable to the controversy unnecessary. *Id.* at 385, 191 S.E. at 767.

The insurer maintains, however, that it should be allowed to attack collaterally "a stipulated judgment entered into in another court proceeding in which the insurance company was not named, nor participated in any fashion." We disagree.

■ This is a case where an injured party is the judgment creditor of an insured under an insurance contract indemnifying against liability from injury or death. The law is settled that whenever a judgment has been recovered against a party who clearly qualifies within the provisions of such a policy as an insured, then the liability of the insurer is definitely fixed, unless fraud or collusion is shown in the procurement of the judgment. *Union Indem. Co. v. Small*, 154 Va. 458, 463, 153 S.E. 685, 687 (1930).

■ As we have said, there already has been a final determination in this case that Veazey was covered as an insured under the policy in question and that the judgment was not procured by fraud or collusion. Thus, the insurer's liability, including the amount of damages, was fixed by the prior judgment. *Indemnity Ins. Co. v. Davis*, 150 Va. 778, 784-85, 143 S.E. 328, 329 (1928); *see* Code § 38.2-2200(2). *But cf. Fuller v. Troy*, 169 Va. 490, 494, 194 S.E. 668, 669 (1938) (quoting treatise without analysis in non-insurance case, Court states consent decree is binding only upon consenting parties).

■ Finally, we are not persuaded by the insurer's reliance on *Nationwide Mutual Insurance Co. v. Jewel Tea Co.*, 202 Va. 527, 531, 118 S.E.2d 646, 648-49 (1961), in which proof of the reasonableness of a prior compromise settlement was allowed in an action for contribution brought by one tort-feasor against an alleged joint tort-feasor. The binding nature and effect upon a liability insurer of a final consent judgment in favor of an injured party against an insured is significantly different from the nature and effect of a mere inter-party voluntary settlement.

Consequently, we find no error in the judgment of the trial court and it will be

*Affirmed.*