PRESENT:  All the Justices

EILEEN M. McLANE,
FAIRFAX COUNTY ZONING ADMINISTRATOR

v.    Record No. 081863                    OPINION BY
                                  JUSTICE BARBARA MILANO KEENAN
                                           June 4, 2009
DEREK B. VEREEN, ET AL.


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       R. Terrence Ney, Judge

     In this case involving fines imposed for a violation of a

zoning ordinance, we consider whether the circuit court erred

in ordering the payment of fines in an amount less than the

rate specified in a consent decree endorsed by the affected

property owners and Fairfax County.

     In April 2006, Eileen M. McLane, the zoning administrator

for Fairfax County (the County), issued a notice to Derek B.

Vereen and Angelique Vereen stating that the Vereens had

violated certain provisions of the Fairfax County Zoning

Ordinance (the zoning ordinance) by keeping on their property

inoperable vehicles, tires, trailers, boats, a mobile home, and

other debris.  Four months later, after the Vereens had failed

to take action to remedy the violation, the County filed a

complaint in the circuit court asking the court to declare that

the property was a "junk yard" prohibited by the zoning

ordinance and to issue an injunction requiring the Vereens to remove the described items from their property.

After agreeing to settle their dispute, the County and the Vereens stipulated to the terms of their settlement in a consent decree, which the circuit court entered on June 4, 2007. The consent decree contained the parties' agreement that the Vereens' use of the property as a "junk yard" violated the zoning ordinance, and that the Vereens would bring the property into compliance with the zoning ordinance within 60 days.

In the consent decree, the parties also agreed that if the Vereens failed to comply with the decree's terms, the Vereens would pay to the County $100 per day "for every day the [c]ourt finds a violation." The decree stated that "[p]ayment of this amount shall be in addition to any additional sanctions the [c]ourt may impose upon a finding of contempt for any violation" of the decree. In addition, the decree prohibited the Vereens from using the property as a "junk yard" in the future.

Finally, the decree stated that the parties and the court agreed that the terms of the decree were reasonable and would not be modified "except by the written agreement of the parties . . . with the approval of [the] [c]ourt." Above the circuit court judge's signature, the decree read, "THIS CAUSE IS ENDED."

2

At the Vereens' request, the County later extended the 60-day deadline for an additional 30 days, allowing the Vereens until September 2, 2007 to bring the property into compliance. The Vereens did not meet this extended deadline.

About four months later, the County filed a motion for a rule to show cause in the circuit court asserting that the Vereens had failed to comply with the terms of the consent decree.  The County asked, in part, that the circuit court impose fines on the Vereens in the amount of $100 per day "for every day they [were] found to be in violation of the [c]onsent [d]ecree" until they complied with the decree's terms.

In accordance with the County's request, the circuit court ordered the Vereens to appear in court on February 15, 2008 to show cause, if any, why they should not be held in contempt for violating the terms of the consent decree.  At a hearing held on that date, the circuit court granted the Vereens' request for a continuance until March 14, 2008.

At the March 14, 2008 hearing, the County presented evidence that the Vereens still had not complied with the terms of the consent decree.  The circuit court continued the case a second time until April 4, 2008.

After completing the removal of the prohibited debris from their property on March 27, 2008, the Vereens filed a motion in the circuit court opposing the County's request for imposition

of the fines.  At a hearing in June 2008, the County requested that the circuit court order the Vereens to pay fines in the amount of $20,600 to cover the period of 206 days, from September 2, 2007 to March 27, 2008, that the Vereens were in violation of the consent decree.

After the hearing, the circuit court issued a letter opinion imposing fines in the total amount of $3,500.  The circuit court stated that "[b]y seeking these sanctions now[,] after the Vereens are in compliance[,] the Zoning Administrator is no longer using [the fines] as an incentive to induce compliance, but rather as a penalty for the Vereens' delayed compliance."  On June 18, 2008, the circuit court entered final judgment incorporating these holdings.

The County filed a motion for reconsideration, again asking the court to fix the fines in accordance with the terms of the consent decree.  The circuit court denied the County's motion in an order dated July 9, 2008, which stated that the consent decree was not "self[-]executing," and that the fines of $100 per day were unreasonable "[b]ased on the specific facts present in this case."  The order further stated that because the Vereens had brought their property into compliance with the zoning ordinance, the fines requested by the County would constitute a penalty.

On appeal, the County argues that the circuit court did not have authority to amend the terms of the consent decree, because that decree became a final judgment 21 days after its entry and its terms were not later subject to change. The County further observes that the parties and the circuit court agreed that the decree's terms were reasonable, and that the decree could be modified only with the consent of all the parties. Therefore, the County asserts that the circuit court's judgment was plainly wrong because the circuit court lacked any authority to deviate from enforcing the stated terms of the decree.

In response, the Vereens initially raise two procedural challenges to the County's appeal. First, the Vereens argue that the County's appeal should be dismissed because the County failed to note an appeal from the circuit court's order of July 9, 2008 and instead noted its appeal after entry of the June 18, 2008 order. The July 9, 2008 order, which denied the County's motion for reconsideration, stated for the first time that the consent decree was not self-executing, and restated the court's earlier holding that the fines provided in the consent decree were unreasonable and imposed a penalty. According to the Vereens, the circuit court's holding that the consent decree was not self-executing was an alternative holding that the County failed to appeal.

5

Second, the Vereens contend that the County's appeal is barred because the County failed to object to the circuit court's determination that the consent decree was not self-executing.  We disagree with these procedural arguments.

We have stated that a final order or decree is one that disposes of the entire matter before the court, giving all the relief contemplated and leaving nothing to be done by the court except the ministerial execution of the court's order or decree.  Comcast of Chesterfield County, Inc. v. Board of Supervisors, 277 Va. 293, 301, 672 S.E.2d 870, 873 (2009); Upper Occoquan Sewage Auth. v. Blake Constr. Co., 275 Va. 41, 60, 655 S.E.2d 10, 21 (2008); James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002); Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964).  Here, the order disposing of the whole subject and giving all the relief contemplated was the order that the circuit court entered on June 18, 2008.  In that order, the circuit court determined that the fines provided in the consent decree were unreasonable and reduced the total amount payable by the Vereens to $3,500.

The circuit court's statement in the July 9, 2008 order, that the consent decree was not self-executing, merely provided an additional explanation of the court's earlier action and was not an alternative holding to which the County was required to

6

note an objection and an appeal. Therefore, we conclude that the County's appeal is not procedurally barred.

In addressing the merits of the County's appeal, the Vereens contend that the circuit court correctly determined that the daily fines provided in the consent decree were unreasonable and constituted unenforceable penalties. The Vereens assert that the circuit court appropriately reduced the amount of the fines because, once the Vereens removed the debris from their property, the County could not reasonably maintain that the fines were a necessary incentive to obtain compliance with the zoning ordinance. We disagree with the Vereens' arguments.

A consent decree contains some elements of a judgment rendered after trial but in other respects resembles a contractual agreement. See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 519 (1986); United States v. ITT Continental Baking Co., 420 U.S. 223, 235-38 (1975); Fuller v. Troy, 169 Va. 490, 494, 194 S.E. 668, 669 (1938); Culpeper Nat'l Bank v. Morris, 168 Va. 379, 385, 191 S.E. 764, 767 (1937). A consent decree may only be entered by a court having jurisdiction of the parties and of the subject matter of the litigation. Liberty Mutual Ins. Co. v. Eades, 248 Va. 285, 288, 448 S.E.2d 631, 633 (1994); see Culpeper Nat'l Bank, 168 Va. at 385, 191 S.E.2d at 767. The parties

7

entering into a consent decree achieve a continuing basis for the court's jurisdiction to enforce the terms of their agreement. Smyth v. Rivero, 282 F.3d 268, 280-81 (4th Cir. 2002); see Frew v. Hawkins, 540 U.S. 431, 438 (2004); Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 378 (1992); Culpeper Nat'l Bank, 168 Va. at 386, 191 S.E. at 767.

The two essential components of a consent decree are: 1) the substantive terms of the parties' agreement concerning the matter in controversy; and 2) the judge's endorsement of the order or decree rendering its terms enforceable by the court. See Liberty Mutual Ins. Co., 248 Va. at 288, 448 S.E.2d at 633; Fuller, 169 Va. at 494, 194 S.E.2d at 669; Culpeper Nat'l Bank, 168 Va. at 385-86, 191 S.E.2d at 767. A judge entering a consent decree ordinarily does not engage in any adjudication of the facts or the law that may be applicable to the decree's terms. Liberty Mutual Ins. Co., 248 Va. at 288, 448 S.E.2d at 633; Culpeper Nat'l Bank, 168 Va. at 385, 191 S.E.2d at 767.

When a consent decree is final in nature, it is enforceable in the same manner as any other court decree or order and may be enforced by the imposition of sanctions or by a contempt citation. See Frew, 540 U.S. at 438; Rufo, 502 U.S. at 378; Liberty Mutual Ins. Co., 248 Va. at 288, 448 S.E.2d at 633; Culpeper Nat'l Bank, 168 Va. at 386, 191 S.E. at 767; see also Local No. 93, 478 U.S. at 530. Because a consent decree

8

that is final in nature constitutes a judgment of a court, such a decree is conclusive and is not subject to collateral attack except on jurisdictional grounds or for fraud or collusion. Liberty Mut. Ins. Co., 248 Va. at 288, 448 S.E.2d at 633; Culpeper Nat'l Bank, 168 Va. at 385-87, 191 S.E. at 767; see Fuller, 169 Va. at 494, 194 S.E. at 669.

In view of these principles, the central issue before us is whether the consent decree containing the agreement between the County and the Vereens was a final judgment. As we already have observed, a final judgment is one that disposes of the entire matter before the court, giving all the relief contemplated and leaving nothing to be done by the court except the ministerial execution of the court's order or decree. Comcast of Chesterfield County, Inc., 277 Va. at 301, 672 S.E.2d at 873; Upper Occoquan Sewage Auth., 275 Va. at 60, 655 S.E.2d at 21; James, 263 Va. at 481, 562 S.E.2d at 137; Daniels, 205 Va. at 585, 139 S.E.2d at 35. A circuit court may only alter the terms of a final judgment for 21 days after its entry. Rule 1:1.

The fact that a consent decree may later be the subject of an enforcement action, requiring a court to receive evidence to determine whether the decree's terms have been violated, does not resolve the issue whether the decree was final when rendered. The content of a consent decree, not the possibility

9

of a future enforcement action, determines whether the decree qualifies as a final judgment.

In the present case, we conclude that the consent decree was a final judgment. The consent decree contained the parties' agreement that the Vereens would comply with the zoning ordinance within 60 days and refrain from any future use of the property as a "junk yard," or pay to the County a fine of $100 per day for every day that they were found to have been in violation of these terms. The decree also stated the parties' agreement that the above terms were reasonable and could not be modified without the written consent of the parties and the approval of the court. Additionally, the decree provided that a copy thereof would be recorded among the County land records "to give notice of the prohibitions and restrictions contained herein to any successors-in-interest of the Vereens."

These terms of the consent decree provided a final resolution of the parties' dispute and set the daily fine to be imposed for any failure to comply with the decree's terms. Thus, we conclude that the consent decree, considered as a whole, disposed of the entire matter before the court, gave all contemplated relief, and left nothing to be done except the ministerial execution of the court's decree. See Comcast of Chesterfield County, Inc., 277 Va. at 301, 672 S.E.2d at 873;

10

<u>Upper Occoquan Sewage Auth.</u>, 275 Va. at 60, 655 S.E.2d at 21; <u>Daniels</u>, 205 Va. at 585, 139 S.E.2d at 35.  Accordingly, the consent decree was a final decree whose terms were not subject to alteration by the court after 21 days.  <u>See</u> Rule 1:1.

We observe that had the parties wanted the consent decree to be subject to modification by the court on motion of one party, they could have provided so in the decree, thereby agreeing to the entry of a decree not final in nature. Moreover, if the circuit court had considered it essential to retain authority to alter the decree's terms, the circuit court could have declined to enter a consent decree unless the parties agreed to the addition of such a provision.

The Vereens argue, nevertheless, that the circuit court was authorized to change the terms of the present consent decree, because the circuit court held that in light of the Vereens' compliance, payment of the full amount of fines would result in the imposition of an unlawful penalty.  The Vereens argue that the circuit court's action to prevent imposition of a penalty is supported by our holding in <u>O'Brian v. Langley School</u>, 256 Va. 547, 507 S.E.2d 363 (1998).  We disagree with this argument.

The plaintiffs in <u>O'Brian</u> had entered into a contract enrolling their daughter as a student at a private school.  <u>Id.</u> at 549, 507 S.E.2d at 364.  The contract provided that in the

11

event that they withdrew the enrollment after June 1 of the calendar year, they would not be entitled to any refund of the amount due for the upcoming school year. Id. at 549-50, 507 S.E.2d at 364. We held that the fact that the plaintiffs had entered into a contract containing this liquidated damages clause did not prevent the plaintiffs from later litigating whether the clause imposed an invalid penalty. Id. at 551, 507 S.E.2d at 365.

This holding in O'Brian is inapposite to the issue before us. We are not concerned here with a liquidated damages provision of a contract, but with the terms of a final judgment entered by a court having subject matter jurisdiction and jurisdiction of the parties. That final judgment is conclusive of the matters adjudicated and is not subject to collateral attack on the grounds that the judgment is unreasonable. See Liberty Mut. Ins. Co., 248 Va. at 288, 448 S.E.2d at 633; Culpeper Nat'l Bank, 168 Va. at 385-87, 191 S.E.2d at 767-68. Accordingly, we hold that the circuit court erred in reducing the amount of fines owed by the Vereens to the County.

For these reasons, we will reverse the circuit court's judgment and will enter final judgment in favor of the County in the amount of $20,600.

Reversed and final judgment.

12