PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

DONALD JOSEPH CONLEY

v.   Record No. 120139

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL
November 1, 2012

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal presents the question whether an equally divided Court of Appeals, sitting en banc, may reverse a judgment previously entered by a panel of that Court.[1]  The question arises in the context of a petition for a writ of actual innocence brought within the original jurisdiction of the Court of Appeals.

Facts and Proceedings

In February 2004, Donald Joseph Conley was convicted in the General District Court of the City of Chesapeake of driving under the influence (DUI).  He was convicted in the same court of a second DUI offense in April of that year.  In November of that year, he was convicted in the Circuit Court of the City of Chesapeake of a felony third offense, DUI after being twice convicted of the same offense within ten years.  He was sentenced to five years' imprisonment, with three years suspended.  His appeals were unsuccessful.

---

[1] In the present case, the Court of Appeals en banc effectively reversed a panel's judgment by ordering that it be "withdrawn."

In 2005, Conley filed in this Court a petition for a writ of habeas corpus with respect to his second (April 2004) misdemeanor DUI conviction, one of the two predicate offenses underlying his felony conviction.[2] He claimed that he had asked his attorney to appeal the April 2004 conviction to the circuit court but that his attorney had failed to do so. At the Commonwealth's request, this Court, in March 2006, granted him a belated appeal of the second DUI conviction. No further action was taken in that case until counsel was appointed to represent Conley in November 2009. In February 2010, the circuit court granted Conley's motion to dismiss the second DUI case for denial of Conley's right to a speedy trial.

In March 2010, Conley filed a petition in the Court of Appeals for a writ of actual innocence with respect to his felony conviction. That petition is the subject of this appeal. Conley contended that he was innocent of the felony because one of the requisite predicate misdemeanor convictions had been dismissed with prejudice because of a violation of his speedy trial rights.

The case was heard by a three-judge panel. On June 15, 2011, the panel, one judge dissenting, granted Conley's petition and remanded the case to the circuit court for resentencing on

---

[2] Conley did not file a petition for habeas corpus as to his felony conviction.

the lesser-included offense of DUI, second conviction. The Commonwealth filed a petition for a rehearing en banc, which the Court granted, staying the panel decision.

On November 15, 2011, the Court of Appeals, with ten judges sitting en banc, heard arguments on the petition. On December 16, 2011, the Court entered an order stating: "Upon rehearing en banc, the petition for writ of actual innocence is dismissed without opinion by an equally-divided Court. Accordingly, the order previously entered by a panel of this Court on June 15, 2011 is withdrawn." The order identified the five judges voting to grant the writ and the five judges who had voted to refuse it. We awarded Conley an appeal.

## Analysis

This appeal presents a pure question of law to which we apply a de novo standard of review. Courtney v. Commonwealth, 281 Va. 363, 366, 706 S.E.2d 344, 345 (2011). In deciding petitions for writs of actual innocence, the Court of Appeals acts as a court of original jurisdiction. Haas v. Commonwealth, 283 Va. 284, 292, 721 S.E.2d 479, 482 (2012). Therefore, there was no decision of another tribunal before the Court of Appeals for appellate review in the present case. Rather, the Court sitting en banc had before it for review only the decision of its own panel.

3

Code § 17.1-402(E) is dispositive of the question before us. It provides:

> The court may sit en banc with no fewer than eight judges. In all cases decided by the court en banc, the concurrence of at least a majority of the judges sitting shall be required to reverse a judgment, in whole or in part.

This language is plain and unambiguous. It applies to all cases decided by the Court of Appeals en banc, without any distinction between the Court's appellate or original jurisdiction. The panel's decision was a "judgment" within the terms of the statute because it disposed of all issues in the case and ordered the issuance of a writ of actual innocence. See, e.g., McLane v. Vereen, 278 Va. 65, 72, 677 S.E.2d 294, 298 (2009) (final judgment "disposes of the entire matter before the court, giving all the relief contemplated . . . ."). Pursuant to Code § 17.1-402(E), that judgment could only have been withdrawn and thus reversed by a majority of the judges sitting in the Court en banc. The proceedings of the Court en banc, therefore, had no effect on the panel's decision.[3]

---

[3] In addition to his assignment of error with respect to the lack of an en banc majority, Conley also assigns error to the Court of Appeals' failing, in consideration of the merits, to find him guilty of a misdemeanor second DUI in lieu of a felony third DUI conviction. Because his first assignment of error is dispositive, we do not reach the second.

4

## Conclusion

For the reason stated, we will reverse and annul the judgment of the Court of Appeals en banc and remand the case to that Court with direction to vacate the stay and reinstate the judgment of the panel.

<u>Reversed and remanded</u>.