UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Senior Judge Haley
Argued at Richmond, Virginia


CHRISTOPHER WAYNE BUTLER

MEMORANDUM OPINION[*] BY
v.        Record No. 0572-14-2          JUDGE RICHARD Y. ATLEE, JR.
                                        APRIL 21, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge Designate

Susan E. Allen (The Law Office of Susan E. Allen, on brief), for
appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


On February 8, 2013, the Circuit Court of the County of Powhatan convicted

Christopher Wayne Butler (hereinafter "appellant") of felony possession of a controlled

substance, felony possession of ammunition after conviction of a felony, and driving on a

revoked license.  The trial court sentenced appellant to concurrent one-year sentences for the

felonies and 60 days in jail for driving on a revoked license.

Appellant contends that the trial court erred:  (1) when it denied appellant's motion to

suppress evidence and statements "when it found that the search of Ms. Dervin's vehicle an[d]

all statements made by Mr. Butler were not a violation under the Fourth Amendment of the U.S.

Constitution and Article 1, Sec. 10 of the Virginia Constitution;" and (2) "when it denied

Mr. Butler's motions to strike and found that the Commonwealth proved its case beyond a

reasonable doubt as to the possession of the morphine when it found that Mr. Butler was in

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

possession of the morphine found in the center console of Ms. Dervin's vehicle." Thus, appellant first challenges the constitutionality of the traffic stop and subsequent search, and second challenges the sufficiency of the evidence tying appellant to the controlled substances that led to his convictions. For the reasons that follow, we disagree and affirm the judgment of the trial court.

## I. Relevant Facts

On the evening of September 5, 2012, Powhatan County Deputy Crawford saw appellant driving a vehicle on Route 522 in Powhatan County. Appellant subsequently pulled into a gas station, and Deputy Crawford watched appellant enter the station's convenience store. Deputy Crawford knew appellant's license had been revoked for driving while under the influence, and therefore he was prohibited from driving. He waited outside the convenience store, intending to stop appellant and issue a summons when he resumed driving. While waiting, Deputy Crawford notified other officers in the area via radio that he had just seen appellant driving on a revoked license. When appellant left the store, he did not return to his vehicle, but instead got into the front passenger seat in another vehicle. The vehicle belonged to appellant's cousin, whom appellant had called for a ride. The driver, Jessica Dervin, was the girlfriend of appellant's cousin.

Deputy Baltimore, also in the area, notified the other officers on the radio that he witnessed appellant put a duffel bag into the back seat and then enter the vehicle. When the vehicle left the gas station, Deputy Nice, who was parked across from the gas station, followed appellant and Ms. Dervin. He conducted a check on the car's plates, and when the result came back, Deputy Nice activated his lights to stop the vehicle. Ms. Dervin drove approximately 150 yards, then turned into the driveway of the home of her and her boyfriend. Deputy Nice approached the vehicle and explained that he only stopped her because another deputy was on

his way to issue her passenger, appellant, a ticket.  Deputy Nice permitted Ms. Dervin to go inside after approximately three minutes.

Deputy Nice walked to the passenger side to speak with appellant.  During the course of a friendly conversation, Deputy Nice asked if appellant was staying clean because he knew of appellant's prior drug use.  Appellant replied "I don't do that anymore.  You can search me if you want to."  Feb. 8, 2013 Tr. at 64.  Deputy Nice asked appellant to exit the vehicle, searched appellant's person, the floorboard underneath the passenger seat, and the center console.  In the console, Deputy Nice found a prescription bottle for Adderall with appellant's name on it.  In addition to Adderall pills, there were four round purple pills.  Deputy Nice asked appellant what type of pills they were, and appellant stated they were morphine.  Appellant acknowledged to Deputy Nice that he did not have a prescription for morphine.  Ms. Dervin testified at trial that appellant could have placed the pill bottle in the center console without her noticing.  Appellant also told the deputies that the duffel bag in the back seat belonged to him and offered to let them search it.  Another officer at the scene did so, finding five shotgun shells in the bag.  A few minutes after the initial stop, Deputy Crawford arrived and issued appellant a ticket for driving with a revoked license.

## II.  Alleged Fourth Amendment Violations

Appellant argues that the trial court erred in denying his motion to suppress appellant's statements and evidence obtained because appellant "was seized and following [sic] an unlawful unconstitutional, unreasonable traffic stop seizure."  Appellant's Brief at 6.  Appellant appears to believe that because no reasonable person in Ms. Dervin's or appellant's position would have "felt free to leave," id. at 10, "any statements that were perceived by the deputies as consent were not freely and voluntarily given," id.

### A. Standard of Review

When reviewing a denial of a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)). The appellant bears the burden of showing that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003) (citing Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)).

### B. Validity of the Traffic Stop

Appellant alleges several reasons the traffic stop was an improper investigatory stop under Terry v. Ohio, 392 U.S. 1 (1968). First, appellant argues that because the driver of the stopped vehicle, Ms. Dervin, committed no traffic infraction, the stop was unconstitutional. Appellant claims that "[w]ith the exception of driving on a suspended license that occurred previously . . . there was absolutely no reason or suspicion that Mr. Butler was committing any illegal act when Ms. Dervin and he were illegally seized . . . ." Appellant's Brief at 9.

Appellant fails to recognize or acknowledge that the deputies already possessed probable cause to arrest appellant, rendering any challenge under Terry unnecessary. There are "two types of seizures of the person protected by the Fourth Amendment - arrest and investigatory stop." Baldwin v. Commonwealth, 243 Va. 191, 195, 413 S.E.2d 645, 647 (1992) (citing Terry, 392 U.S. 1). An officer may arrest an individual "when he has probable cause to believe that the person seized has committed or is committing a criminal offense." Id. (citing Dunaway v. New York, 442 U.S. 200, 207-09 (1979)). In order to conduct a legal investigatory stop, the police

officer must "'have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" Whitfield, 265 Va. at 361, 576 S.E.2d at 465 (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)).

We need not address whether Deputy Nice possessed a reasonable suspicion to justify an investigatory stop, because he plainly already possessed the higher standard of probable cause to arrest appellant. White v. Commonwealth, 24 Va. App. 234, 239, 481 S.E.2d 486, 488 (1997). "Probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). It is well established that "a law enforcement officer may lawfully arrest [an individual], without a warrant, for a misdemeanor committed in his presence." Fierst v. Commonwealth, 210 Va. 757, 760, 173 S.E.2d 807, 810 (1970). To the extent appellant contends that the stop was unlawful because Deputy Crawford witnessed appellant committing a misdemeanor, but Deputy Nice initiated the traffic stop, that argument is without merit. The law is clear that "'so long as the officer who orders an arrest or search has knowledge of facts establishing probable cause, it is not necessary for the officers actually making the arrest or conducting the search to be personally aware of those facts.'"[1]

_____

[1] In Virginia, by statute, "officers may arrest without a warrant any person who commits any crime in the presence of the officer . . . ." Code § 19.2-81. Under this statute, "a warrantless arrest for a misdemeanor committed outside the presence of the arresting officer is not valid where the information upon which the arrest is based is conveyed to the arresting officer by the witnessing officer." White, 24 Va. App. at 239, 481 S.E.2d at 488 (citing Penn v. Commonwealth, 13 Va. App. 399, 404, 412 S.E.2d 189, 192 (1991)). Nevertheless, when such an arrest "'does not violate any constitutional rights, the defendant is not entitled to have evidence seized pursuant to that arrest excluded.'" Id. at 239, 481 S.E.2d at 488-89 (quoting Penn, 13 Va. App. at 406, 412 S.E.2d at 193). A "radio message from [the witnessing officer], which was based on [the witnessing officer's] personal observations, [i]s sufficient to give [the arresting officer] probable cause to believe [the defendant] was guilty" of the misdemeanor. Id. at 239, 481 S.E.2d at 489 (first, second, fourth, and fifth alterations in original) (citing Penn, 13 Va. App. at 408, 412 S.E.2d at 194).

White, 24 Va. App. at 240, 481 S.E.2d at 489 (quoting United States v. Laughman, 618 F.2d 1067, 1072 (4th Cir. 1980)).  Deputies Crawford and Nice both knew appellant's license had been revoked.  Deputy Crawford personally witnessed appellant driving and notified the other officers in the area, including Deputy Nice.  Accordingly, because Deputy Nice possessed probable cause to arrest appellant, his stop of Ms. Dervin's vehicle presents no Fourth Amendment violation.

### C.  Time Elapsed between Misdemeanor and Arrest

Appellant appears to allege that some constitutional infirmity exists because Deputy Crawford did not seek an arrest warrant or issue a summons immediately upon observing appellant driving on a suspended license.  The Court does not see, and appellant fails to provide, any justification for this argument.  To the contrary, it is clear "'[l]aw enforcement officers are under no constitutional duty to call a halt to [a] criminal investigation [or make an arrest] the moment they have the minimum evidence to establish probable cause.'"  Kentucky v. King, 131 S. Ct. 1849, 1860-61 (2011) (quoting Hoffa v. United States, 385 U.S. 293, 310 (1966)).

### D.  Consent to Search

Appellant also alleges that the mere fact that appellant was in custody vitiates his expressed consent to search.  The question of whether "consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances."  Deer v. Commonwealth, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)).  The trial court's determination as to voluntariness "must be accepted on appeal unless clearly erroneous."  Limonja v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989) (en banc) (citing Stamper v. Commonwealth, 220 Va. 260, 268, 257 S.E.2d 808, 814 (1979)).  Moreover, "[t]he fact that a defendant is in custody at the time the consent is given does

not of itself invalidate the consent." Jones v. Commonwealth, 32 Va. App. 30, 39-40, 526 S.E.2d 281, 285 (2000) (quoting Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998)).

The evidence at trial showed that appellant invited Deputy Nice to search him and his duffel bag without Deputy Nice even asking to search. At no point did appellant withdraw consent or attempt to stop or limit the scope of the search. The trial court's finding that appellant provided voluntary consent is not clearly erroneous. Inasmuch as appellant argues that the deputies needed Ms. Dervin's consent to search the vehicle, the argument fails because appellant cannot assert another person's Fourth Amendment rights on his behalf. See Sullivan v. Commonwealth, 210 Va. 205, 208, 169 S.E.2d 580, 582 (1969) (holding that only the individual "against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else," may assert a claim of unlawful search and seizure (noting Alderman v. United States, 394 U.S. 165, 173 (1969))).

For the foregoing reasons, we find that no Fourth Amendment violation occurred, and accordingly, the trial court did not err in denying appellant's motion to suppress.

### III. Sufficiency of Evidence of Constructive Possession

Appellant's second assignment of error claims that the Commonwealth failed to present sufficient evidence to support a finding that appellant constructively possessed the morphine pills, and thus the trial court erred in denying appellant's motion to strike.

### A. Standard of Review

"A motion to strike challenges whether the evidence is sufficient to submit the case to the jury." Lawlor v. Commonwealth, 285 Va. 187, 223, 738 S.E.2d 847, 868 (2013) (citing Culpeper Nat'l Bank v. Morris, 168 Va. 379, 384, 191 S.E. 764, 766 (1937)). "Whether the

evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." Id. at 223-24, 738 S.E.2d at 868 (citing George v. Commonwealth, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)). "In reviewing that factual finding, we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom." Id. at 224, 738 S.E.2d at 868.

B. Analysis

Because the morphine pills were found in the vehicle, not directly on appellant's person, the Commonwealth relied on a theory of constructive possession. To demonstrate that a defendant constructively possessed contraband, the prosecution must show that "the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control." Wright v. Commonwealth, 53 Va. App. 266, 273-74, 670 S.E.2d 772, 775 (2009) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Awareness can be shown through "'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'" Hardy v. Commonwealth, 17 Va. App. 677, 682, 440 S.E.2d 434, 437 (1994) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). "In resolving this issue, the court must consider 'the totality of the circumstances disclosed by the evidence.'" Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

Particularly when viewed in the light most favorable to the Commonwealth, as we must because the Commonwealth prevailed below, the evidence presented at trial was sufficient to establish that appellant constructively possessed the morphine pills. Accordingly, the trial court did not err in denying appellant's motion to strike. First, the prescription bottle containing the

morphine pills had appellant's name on it. Further, when Officer Nice inquired as to what the round purple pills were, appellant readily told him they were morphine, and he acknowledged that he did not have a prescription for morphine. Taken together, these facts are sufficient to support a finding that appellant was aware of the presence and character of the morphine pills. The evidence also supports a finding that the pills were subject to appellant's dominion and control. The bottle was in the center console, directly beside appellant's seat in the vehicle. Ms. Dervin testified that appellant could have put them in the console without her knowledge. In sum, the evidence supports a finding that appellant constructively possessed the morphine pills; therefore, the trial court did not err in denying appellant's motion to strike the evidence.

IV.  <u>Conclusion</u>

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to suppress or motion to strike. Accordingly, we affirm the ruling of the trial court.

<u>Affirmed.</u>